IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEMAR MILLER,<br><br>      Plaintiff,<br><br>v.<br><br>LEVI TRANSPORTS; RUBEN LANDEROS-GARCIA; CERTAINTEED GYPSUM, INC.; and GST BROKERAGE, LLC,<br><br>      Defendants. | **CORRECTED[1] MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND TO STATE COURT**<br><br>Case No. 4:20-cv-00073-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff seeks remand of this case to the Fifth Judicial District Court in and for Washington County, State of Utah ("Motion to Remand").[2] Plaintiff argues that the joinder of Defendant GST Brokerage, LLC ("GST Brokerage") by the Second Amended Complaint[3] destroyed complete diversity and, therefore, Federal subject matter jurisdiction is lacking.[4] Defendants oppose the Motion to Remand, arguing that Federal subject matter jurisdiction remains because GST Brokerage's joinder is fraudulent and, regardless, Plaintiff alleges claims that arise under Federal law.[5]

---

[1] This Memorandum Decision and Order corrects docket no. 51, filed May 28, 2021, which included a clerical error on page 7 referencing "Sixth Judicial District Court" instead of "Fifth Judicial District Court."

[2] Plaintiff's Motion to Remand Case to the Fifth Judicial District Court, St. George District, Washington County, State of Utah ("Motion to Remand"), docket no. 41, filed May 14, 2021.

[3] Docket no. 24, filed Dec. 1, 2020.

[4] Motion to Remand at 2-4.

[5] Defendants Levi Transports, Ruben Landeros-Garcia, and GST Brokerage, LLC's Opposition to Plaintiff's Motion to Remand to State Court ("Response"), docket no. 47, filed May 25, 2021; Defendant CertainTeed Gypsum, Inc.'s Joinder in Defendants Levi Transports, Ruben Landeros-Garcia, and GST Brokerage, LLC's Opposition to Plaintiff's Motion to Remand to State Court ("Joinder in Response"), docket no. 48, filed May 25, 2021.

Because complete diversity is not present and Plaintiff's claims do not arise under Federal law, Federal subject matter jurisdiction is lacking. Therefore, Plaintiff's Motion to Remand[6] is GRANTED.

**DISCUSSION**

The procedure for cases removed from state court is governed by 28 U.S.C. § 1447. Subsection (e) of the statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the [s]tate court."[7] "As § 1447(e) indicates, . . . the plaintiff does not have an absolute right to join such parties."[8]

In the Tenth Circuit, the determination to permit an amendment that joins a non-diverse party to a removed case requires consideration of the applicable rules of procedure.[9] Relevant to this case, FED. R. CIV. P. 15(a)(2) allows amendment of the complaint "with the opposing part[ies'] written consent or the court's leave."[10] And "if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to the state court"[11] unless some other basis for Federal subject matter jurisdiction exists.

This case was removed from the State court on the basis of diversity jurisdiction.[12] To invoke the power of the court pursuant to § 1332, "all parties on one side of the litigation [must

---

[6] Docket no. 41, filed May 14, 2021.

[7] 28 U.S.C. § 1447(e).

[8] *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

[9] *Id.* at 951-52 (internal quotations, citations, and punctuation omitted).

[10] FED. R. CIV. P. 15(a)(2)

[11] *McPhail*, 529 F.3d at 951; 28 U.S.C. § 1447(c).

[12] Notice of Filing Notice of Removal ("Notice of Removal"), docket no. 2, filed July 6, 2020; 28 U.S.C. § 1332.

be] of a different citizenship from all parties on the other side of the litigation."[13] And when a party is an unincorporated business association—such as a limited liability company—the citizenship for that party is determined by the entity's principal place of business and the citizenship of all the entity's members.[14]

There is no dispute that at the time of this case's removal complete diversity was present and the removal was proper. However, following the removal, Plaintiff twice amended the complaint to join new party defendants: Plaintiff's Amended Complaint[15] joined Defendant CertainTeed Gypsum, Inc. ("CertainTeed"); and Plaintiff's Second Amended Complaint joined GST Brokerage.

GST Brokerage is a non-diverse party with Plaintiff: Plaintiff is a citizen of Utah[16] and GST Brokerage is a Utah limited liability company with its principal place of business in Utah and its sole member being a Utah citizen.[17] Therefore, the Second Amended Complaint's joinder of GST Brokerage as a party defendant destroyed complete diversity in the case. Defendants nevertheless argue that GST Brokerage's citizenship should be disregarded because its joinder was fraudulent.[18] This argument lacks merit.

Fraudulent joinder occurs "when the plaintiff joins a 'resident defendant against whom no cause of action is stated' *in order to prevent removal* under a federal court's diversity jurisdiction."[19] "[U]pon allegations of fraudulent joinder designed *to prevent removal*, federal

---

[13] *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

[14] *Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016) (internal citations omitted).

[15] Docket no. 12, filed Sept. 28, 2020.

[16] Second Amended Complaint ¶ 1 at 1; Notice of Removal ¶ 2 at 2.

[17] Articles of Organization of GST Brokerage LLC at Arts. IV, VIII, docket no. 47-1, filed May 25, 2021.

[18] Response at 3-7; Joinder in Response.

[19] *Brazell v. Waite*, 525 Fed. App'x 878, 881 (10th Cir. 2013) (quoting *Dodd v. Fawcett Pubs., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)) (emphasis added).

courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device *to prevent removal*."[20] Thus, the fraudulent joinder doctrine is primarily relevant to an initial determination of whether to permit removal. "[F]raudulent joinder is not directly applicable after a case has been removed."[21] Rather, after a case is removed, the fraudulent joinder doctrine is relevant only to the district court analysis of whether to permit joinder of a non-diverse party under § 1447(e).[22]

Plaintiff's Motion to Remand does not involve an initial removal determination. The case has already been removed from State court.[23] The removal was not challenged and was proper based on allegations of diversity jurisdiction.[24] The Motion to Remand also does not involve a determination to permit joinder of a non-diverse party under § 1447(e). GST Brokerage has already been joined as a party defendant.[25] And this joinder was proper under Rule 15(a)(2) because it was made on the stipulation and written consent of all Defendants that were party to the case at the time.[26]

Plaintiff's Second Amended Complaint identifies GST Brokerage as a "Utah Corporation with its headquarters in Salt Lake County, State of Utah."[27] This allegation is sufficient for Defendant to have been aware that GST Brokerage's joinder may affect complete diversity in the

---

[20] *Id*. (quoting *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967)) (emphasis added).

[21] *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999)).

[22] *Id*. at 763-64 (citing *Mayes*, 198 F.3d at 463).

[23] Notice of Removal; 28 U.S.C. § 1332.

[24] Notice of Removal ¶¶ 2-6 at 2-3; 28 U.S.C. § 1332.

[25] Order Granting Motion for Leave to File Second Amended Complaint, docket no. 23, filed Dec. 1, 2020; Second Amended Complaint.

[26] Stipulated Motion for Leave to File Second Amended Complaint, docket no. 22, filed Nov. 25, 2020; FED. R. CIV. P. 15(a)(2).

[27] Second Amended Complaint ¶ 5 at 2.

case and could require the case's remand to the State court. At a minimum, Defendants should have inquired into the affect the joinder would have on Federal subject matter jurisdiction before consenting to the joinder. And if Defendants believed the joinder was fraudulent, the argument should have been raised when Plaintiff sought leave to file the Second Amended Complaint.

However, this did not happen. Defendants instead stipulated and consented to the joinder,[28] and GST Brokerage became a party defendant with the Second Amended Complaint's filing.[29] Defendants cannot now un-ring the bell of GST Brokerage's joinder. GST Brokerage is a party defendant in this case and the fraudulent joinder doctrine is not applicable. Therefore, complete diversity is lacking.

Because complete diversity is lacking, "the case must be remanded to the state court,"[30] unless some other basis for Federal subject matter jurisdiction exists. Defendants argue such basis exists because Plaintiff's claims against GST Brokerage and CertainTeed arise under Federal law.[31] This argument lacks merit.

"[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."[32] This variety of federal jurisdiction is referred to as "arising under" jurisdiction.[33] "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on

---

[28] Stipulated Motion for Leave to File Second Amended Complaint.

[29] Order Granting Motion for Leave to File Second Amended Complaint; Second Amended Complaint.

[30] *McPhail*, 529 F.3d at 951; 28 U.S.C. § 1447(c).

[31] Response at 7-9; Joinder in Response.

[32] *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

[33] *Id.*

substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."[34]

"A case 'arises under' federal law under two circumstances: 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[35] "The 'substantial question' branch . . . is exceedingly narrow—a 'special and small category' of cases."[36] "[T]he 'mere need to apply federal law in a state-law claim' will not 'suffice to open the 'arising under' door.'"[37] "Instead, 'federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."[38] And the Federal court must be capable of "entertain[ing] the issue 'without disturbing any congressionally approved balance of federal and state judicial responsibilities.'"[39]

Neither of the recognized "arising under" circumstances are not present in this case. Plaintiff's claims against GST Brokerage and CertainTeed are State law claims for negligence.[40] The Second Amended Complaint references the Federal Motor Carrier Safety Regulations ("FMCSR") to allege that GST Brokerage and CertainTeed are employers of Defendant Ruben Landeros-Garcia.[41] But State law governs whether GST Brokerage and CertainTeed are liable in

---

[34] *Id.*

[35] *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

[36] *Id.* at 1171 (quoting *Empire Healthchoice Assurance, Inc,*, 547 U.S. at 699).

[37] *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)).

[38] *Id.* (quoting *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 313).

[39] *Id.* (quoting *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314).

[40] Second Amended Complaint ¶¶ 35-44 at 6-7.

[41] *Id.* ¶¶ 36 at 6, 41 at 7; 49 C.F.R. § 390.

this case. The FMCSR do not create Plaintiff's causes of action and do not supersede state tort law with respect to negligence.[42] "[A]n applicable [Federal] statute or regulation may confirm a duty of care based upon the relevant common law governing employer/independent contractor relationships, it cannot impose a duty beyond it."[43] Therefore, Plaintiff's right to relief does not necessarily depend on resolution of whether GST Brokerage and CertainTeed are employers under the FMCSR. Plaintiff's claims against GST Brokerage and CertainTeed do not "arise under" Federal law for purposes of conferring subject matter jurisdiction.

Because complete diversity is not present and Plaintiff's claims do not arise under Federal law, Federal subject matter jurisdiction is lacking. Therefore, Plaintiff's Motion to Remand[44] is GRANTED.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand[45] is GRANTED. This action is REMANDED for all further proceedings (including all currently pending motions) to the Fifth Judicial District Court in and for Washington County, State of Utah.

Signed June 1, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[42] *Pierce v. Cook & Co.*, 437 F.2d 1119, 1126 (10th Cir. 1970) ("there is no language in the Motor Carrier Act indicating any intent of Congress to supersede state tort law with respect to negligence or wrongful death liability of a shipper"); *Krauchanka v. FedEx Freight, Inc.*, No. 2:16-cv-0013-SWS, 2017 WL 5203045, *6 (D. Wyo. Apr. 14, 2017).

[43] *Krauchanka*, 2017 WL 5203045, *6 (quoting *Franks v. Ind. Prod. Co., Inc.*, 96 P.3d 484, 494 (Wyo. 2004)).

[44] Docket no. 41, filed May 14, 2021.

[45] Docket no. 41, filed May 14, 2021.